UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

WILLIAM A. TURNER,
    Plaintiff,

v().

PRISONER
CASE NO. 3:11-cv-1748(SRU)

COUNSELOR RAYMOND MASSA, ET AL.,
    Defendants.

**INITIAL REVIEW ORDER**

The plaintiff, currently incarcerated at Northern Correctional Institution in Somers, Connecticut ("Northern"), has filed a complaint *pro se* under 42 U.S.C. § 1983. He sues Counselor Raymond Massa, Counselor Ms. Semino, Counselor Supervisor Andrea Baker and Correctional Officer John Doe.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on July 5, 2011, at MacDougall Correctional Institution, he accused Counselor Massa of lying to him about his future transfer to another housing unit.  Counselor Massa became angry, verbally insulted the plaintiff, bumped into him and tried to provoke him to throw a punch.  The plaintiff responded verbally, but did not engage in a physical altercation with Counselor Massa.  Counselor Semino observed the interaction between the plaintiff and Counselor Massa, but did not report the incident to anyone.

Several minutes later, Counselor Massa walked over to the plaintiff, verbally insulted him and then walked away.  As the plaintiff walked towards Counselor Supervisor Baker's office to report the incident, Counselor Massa turned around, confronted him and punched him in the face. The plaintiff punched back in an attempt to defend himself.

Defendant John Doe Correctional Officer notified others about the incident and then ordered the plaintiff to let Counselor Massa go.  The plaintiff then lay on the ground and Counselor Massa punched him in the face again.  John Doe sat on top of the plaintiff, put a handcuff on the plaintiff's left wrist and wrapped his right arm around the plaintiff's neck in a choke hold.  The plaintiff could not breathe.  Counselor Massa began to kick the plaintiff in the back and legs.  Finally, another

officer intervened to stop Counselor Massa's assault. The plaintiff suffered multiple injuries and received medical treatment.

Counselor Supervisor Baker failed to intervene to stop the assault by Counselor Massa. The plaintiff received disciplinary sanctions and was transferred to Northern. The plaintiff seeks monetary damages.

After careful consideration, the court concludes that the federal claims of excessive force and failure to protect as well as the state law claims of assault and battery warrant service of the complaint on the defendants Massa, Baker and Doe and an opportunity for plaintiff to address defendants' response to the complaint.

**ORDERS**

The court enters the following orders:

(1)  The federal claims of excessive force and failure to protect as well as the state law claims of assault and battery shall proceed against the defendants in their individual capacities.

(2)  The plaintiff is hereby notified that the U.S. Marshal cannot serve the complaint on the John Doe Correctional Officer until the plaintiff identifies this defendant by name. The plaintiff will have 90 days from the date of this order to conduct discovery and file an amended complaint identifying this defendant by name. If the plaintiff fails to file an amended complaint within the time specified, the claims against this defendant will be dismissed without further notice from the court pursuant to Rule 4(m), Fed. R. Civ. P. and the case will proceed only against defendants Massa, Baker and Semino.

(3)  Within fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Massa, Baker and Semino and mail waiver of service of process request packets to each

of those defendants in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)     Defendants Massa, Baker and Semino shall file their response to the complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(7)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(8)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9)     Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed.  If no response is filed, or the

response is not timely, the dispositive motion can be granted absent objection.

SO ORDERED at Bridgeport, Connecticut this 8th day of February, 2012.


   /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge