UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

WILLIAM A. TURNER

:::::::V.:::::::::::::::::::::::::::::::::::::::::::::::::::PRISONER
:::::::::::::::::::::::::::::::::::::::::::::::::::CASE NO. 3:11cv1748(SRU)
RAYMOND MASSA, ET AL.

## RULING ON PENDING MOTION

On May 31, 2012, the parties filed a Notice of Voluntary Dismissal stipulating to the voluntary dismissal of the action with prejudice.  (*See* Doc. No. 18.)  The plaintiff claims that pursuant to an agreement to settle the case, counsel for the defendants sent him a check in the amount of $850.00 to be deposited into his inmate account.  The plaintiff alleges that the Department of Correction is deducting money from his inmate account towards payment of the filing fee.  The plaintiff contends that the filing fee should be waived because he agreed to voluntarily dismiss the action.  The plaintiff seeks reimbursement of the money that has already been deducted from his prisoner account by the Department of Correction to pay the filing fee.

Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. 1915(b), an inmate who is granted leave to proceed *in forma pauperis* is required to pay the full $350.00 filing fee, regardless of the outcome of the action. *See, e.g., Goins v. Decaro*, 241 F.3d 260, 262 (2d Cir. 2001) (inmates proceeding *in forma pauperis* on appeal and who submitted authorizations allowing filing fees to be deducted from their prison accounts are not entitled to either

return of partial filing fees already deducted from their accounts or removal of encumbrances from their accounts after they withdrew their appeals); *Williams v. Roberts*, 116 F. 3d 1126, 1127-28 (5th Cir. 1997) (plain language of the PLRA requires court to assess filing fees once matter is filed, regardless of ultimate outcome of proceeding) (citations omitted); *Huffman v. Benson*, No. 05-CV-0867S, 2006 WL 625844, at *2 (W.D.N.Y. Mar. 9, 2006) ("Under the PLRA, if a prisoner commences a civil action IFP, the prisoner shall be required to pay the full amount of the filing fee . . . regardless of whether the case is dismissed or denied after filing.") (internal quotation marks and citation omitted).

Furthermore, on October 26, 2011, the plaintiff signed a form authorizing the Department of Correction to collect funds from his inmate account to pay the filing fee in this action. (*See* Doc. No. 2.) The form provided that, even if the court granted his application to proceed *in forma pauperis* and the case was subsequently dismissed, the entire filing fee would be deducted from his inmate account in installments.

Accordingly, the plaintiff's Motion for Reimbursement [**Doc. No. 19**] of the amount of money deducted from his inmate account towards the payment of the filing fee is **DENIED**.

SO ORDERED at Bridgeport, Connecticut, this 8th day of November, 2012.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge